Filed 8/12/15  People v. Arias CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050380 |
| v. | (Super. Ct. No. 13CF3749) |
| SERGIO ANTONIO ARIAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregg Prickett, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

The People's complaint charged defendant with felony second degree commercial burglary and felony theft with a prior conviction.

At the preliminary hearing on the complaint, Detective Anthony Nguyen testified to the following: On the morning of November 27, 2013, Robert Mayorga, a security officer at a store, saw defendant remove security tops from two bottles of liquor. Defendant concealed the bottles in his clothes and left the store without paying for the items. Outside the store, Mayorga and his co-worker Ryan Rose detained defendant, retrieved the two bottles of liquor, and escorted him back into the store.

Detective Nguyen arrived at the store. Defendant was in the store's security office and was not handcuffed. In the office were defendant, Mayorga, Rose, Nguyen, and Nguyen's partner. Nguyen told defendant he was *not* under arrest and that Nguyen just wanted to hear his side of the story. Nguyen did not read defendant his rights under *Miranda v. Arizona* (1966) 384 U.S. 436. Defendant told Nguyen he went into the store with intentions to steal the bottles of liquor and sell them for $10 each. The total value of the two bottles of liquor was about $70.

The court held defendant to answer on both charges.

The People's information charged defendant with felony second degree commercial burglary (count 1; Pen. Code, §§ 459, 460, subd. (b))[1] and felony theft with a prior conviction (count 2; §§ 666, subd. (b), 484, subd. (a), 488). The information also alleged defendant had suffered a prior strike conviction as well as a prior prison conviction. (§§ 667, subds. (d) & (e)(1), 667.5, subd. (b), 1170.12, subds. (b) & (c)(1).)

In January 2014, defendant pleaded guilty to both counts and admitted he had suffered a prior strike conviction and a prior prison conviction.

At the sentencing hearing, the court struck for purposes of sentencing defendant's prior strike conviction in the interests of justice pursuant to section 1385. As

---

[1] All statutory references are to the Penal Code.

2

to count 1, the court imposed the upper term of three years plus one year for the prior prison conviction, but suspended execution of sentence and placed defendant on supervised probation for three years. As to count 2, the court imposed a three-year sentence, but stayed execution of sentence pursuant to section 654. Defendant's probation conditions included that he enroll in and successfully complete a six-month Salvation Army program and pay a $300 state restitution fine pursuant to section 1202.4 or 1202.4, subdivision (b), and a $300 probation revocation restitution fine pursuant to section 1202.44 (to become effective only upon final revocation of probation). The court ordered defendant to report to the probation department within 72 hours of his release from custody.

In March 2014, the People petitioned for defendant's arraignment on a probation violation. The petition alleged defendant was released from custody on February 25, 2014, and failed to report to the probation office within 72 hours thereafter. The petition further alleged defendant had twice fled on foot from his probation officer.

Defendant waived his right to a probation hearing and admitted he violated the terms of his probation.

On May 16, 2014, the court declined to reinstate probation and imposed the previously suspended four-year prison term. The court awarded defendant 301 days of presentence confinement credit. The court also declared that the previously imposed probation revocation fine was due. The court imposed but suspended a $300 parole/supervision revocation fine.

After defendant filed a timely notice of appeal from his guilty plea, the court denied his request for a certificate of probable cause.

On March 13, 2015, defendant moved this court for an order striking his opening brief on appeal and permitting him to file a new opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Defendant made this request "because on February 24, 2015, the Orange County Superior Court

3

granted his petition to reduce his offenses to misdemeanors within the meaning of . . . section 1170.18 and to sentence him as a misdemeanant," and had thereby rendered moot the issues argued in his initial opening brief. Superior Court minutes attached to defendant's motion showed Judge Kazuharu Makino had designated defendant's felony convictions as misdemeanors and resentenced him to 364 days in jail. Defendant had been released from custody.

We granted defendant's motion and struck his first opening brief. We filed his new opening brief, in which defense counsel, pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, raised no specific issues other than to suggest that we consider whether defendant's fines under sections 1202.4 and 1202.44 should "be lowered now that his offenses have been deemed misdemeanors." Defendant was given an opportunity to file written argument on his own behalf, but he did not do so.

We have independently reviewed the entire record and are unable to find an arguable appellate issue.

DISPOSITION

The judgment is affirmed.

IKOLA, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

ARONSON, J.

4